**STATE OF TENNESSEE
Department of Commerce and Insurance
500 James Robertson Parkway
Nashville, TN 37243-1131
PH - 615.741.1670, FX - 615.532.2788
Service.Process@tn.gov**

FILED

MAY 11 2020

Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

May 05, 2020

State Farm Mutual Auto Ins Company  
2908 Poston Avenue, C/O C S C  
Nashville, TN 37203  
NAIC # 25178

Certified Mail  
Return Receipt Requested  
7019 1120 0000 4178 4881  
Cashier # 53321

Re:  Robert A Allen  V.  State Farm Mutual Auto Ins Company

Docket # 2:20-Cv-00084

To Whom It May Concern

Pursuant to Tennessee Code Annotated §56-2-504 or § 56-2-506, the Department of Commerce and Insurance was served April 30, 2020, on your behalf in connection with the above-styled proceeding. Documentation relating to the subject is herein enclosed.

Designated Agent  
Service of Process

Enclosures

cc: Federal District Court Clerk  
   900 Georgia Avenue  
   Chattanooga, Tn  37402

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of Tennessee

| | | |
|---|---|---|
| Robert A. Allen | ) | |
| | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. 2:20-cv-00084 |
| Christopher J. Medley | ) | |
| | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* State Farm Mutual Automobile Insurance Company
C/O The Department of Commerce and Insurance
ATTN: Service of Process
500 James Robertson Pkwy
Nashville, Tennessee 37243

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are: Patty & Young, Attorneys at Law, LLC
Christopher M. Harris
7731 Nashville Street
Ringgold, Georgia 30736
chrisharris@pattylaw.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

*John Medians*

Date: 4/24/20

*Signature of Clerk or Deputy Clerk*

Civil Action No. 2:20-cv-00084

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
, a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:


My fees are $ _____ for travel and $ _____ for services, for a total of $  0.00  .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

# UNITED STATES DISTRICT COURT
# EASTERN DIVISION OF TENNESSEE
# GREENEVILLE DIVISION

| | |
|---|---|
| **ROBERT A. ALLEN** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| **CHRISTOPHER J. MEDLEY** | ) |
| | ) |
| **Defendant.** | ) |

Now comes Robert A. Allen, "Plaintiff" in the above-styled cause and files this his Complaint against Defendant Christopher J. Medley and shows the Court as follows:

## JURISDICTION AND VENUE

1. The Plaintiff Robert A. Allen resides and is domiciled at 9454 Old Gordon Road, Macon, Bibb County, Georgia and is subject to the jurisdiction of this Court by virtue of filing this Complaint.

2. The Defendant Christopher J. Medley resides and is domiciled at 111 Mill Street, Telford, Washington County, Tennessee 37690. The Defendant is a resident of Washington County, Tennessee. The Defendant is therefore subject to the jurisdiction of this Court.

3. The Plaintiff's cause of action arises out of an automobile accident that occurred on April 27, 2019, in Washington County, Tennessee. Pursuant to 28 U.S.C. § 1391(b)(1)&(2), venue is proper in the Eastern District of Tennessee, Greenville Division because it is the district court embracing the location of the accident that gives rise to this suit and is the district in which the Defendant resides.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1). The Plaintiff and Defendant are residents of different states and the amount in controversy exceeds $75,000.00.

## STATEMENT OF FACTS

5. During the afternoon of April 27, 2019, the Plaintiff was traveling in a southwesterly direction on Boone Street in Washington County, Tennessee.

6. While the Plaintiff was traveling on Boone Street, the Defendant was exiting the parking lot located at 141 Boone Street.

7. While attempting to turn left onto Boone Street, the Defendant pulled-out in front of the Plaintiff, who had the right of way, causing an accident between the Plaintiff and the Defendant.

8. The Plaintiff was transported from the scene of the accident directly to a local hospital for treatment of his injuries.

9. The Plaintiff suffered injuries as a result of the Defendant's failure to yield the right of way and those injuries include, but are not limited to: a fractured elbow, resulting infection, cervical spondylosis, cellulitis of the elbow, pain and strain of the cervical and lumbar spine, and a tear of the rotator cuff.

10. The Plaintiff continues to suffer from injuries sustained as a result of the April 27, 2019, automobile accident.

11. Due to injuries suffered as a result of the accident caused by the Defendant, the Plaintiff has been unable to perform job duties and has lost wages as a direct and proximate result of the accident caused by the Defendant.

12. The Defendant was negligent in causing the collision with the Plaintiff.

13. The collision between the Plaintiff and the Defendant was directly and proximately caused by the negligence of the Defendant.

14. The Defendant was guilty of the following statutory and common law acts of negligence which directly and proximately caused all of the injuries sustained by the Plaintiff:

(1) In violating T.C.A. § 55-8-109, "Traffic Control Devices; obedience" which provides: "(a) The driver of any vehicle and the operator of any streetcar shall obey the instructions of any official traffic-control device applicable thereto placed in accordance with the provisions of this chapter and chapter 10, parts 1-5 of this title. . .", which Defendant's failure to obey said control devices constitutes negligence per se;

(2) In violating T.C.A. § 55-8-136 "Due Care" which provides: "(b) Notwithstanding any speed limit or zone in effect at the time, or right-of-way rules that may be applicable, every driver of a vehicle shall exercise due care by operating the vehicle at a safe speed, by maintaining a safe lookout, by keeping the vehicle under proper control and by devoting full time and attention to operating the vehicle, under the existing circumstances as necessary in order to be able to see and to avoid endangering life, limb or property and to see and avoid colliding with any other vehicle or person. . .", which Defendant's failure to obey said "Due Care" statute constitutes negligence per se;

(3) In violating T.C.A. § 55-8-123 "Traffic Lanes" which provides: (1) A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from that lane until the driver has first ascertained that the movement can be made with safety," which Defendant's failure to maintain lane constitutes negligence per se;

(4) In violating T.C.A. § 55-8-131 "Vehicle entering highway from drive, private road, or private driveway", which provides: "The driver of a vehicle about to enter or cross a highway from a drive, private road, or private driveway shall yield the right-of-way to all vehicles approaching on the highway. . .", which Defendant's failure to yield the right of way constitutes negligence per se;

(5) In failing to operate his vehicle with due care for the safety of the Plaintiff, the Defendant actions constitute negligence as a matter of fact and law.

15. The Plaintiff brings this action against the Defendant to recover his medical expenses, to recover lost wages suffered as a result of the collision; to recover damages for pain and suffering; and all other damages allowed under Tennessee law.

WHEREFORE, Plaintiff Robert A. Allen prays for the following relief:

(1) That proper process issue and be served upon the Defendant requiring him to answer this Complaint within the time required by law;

(2) That Plaintiff be awarded compensatory and speical damages in an amount not less than $300,000 to compensate Plaintiff for his injuries, loss, and damages sustained as a direct and proximate cause of the negligence of the Defendant;

(3) That a jury be empaneled to try the issues of this case;

(4) That the cost of this action be taxed to the Defendant;

(5) That the Plaintiff be awarded such other and further relief to which he may be entitled.

Respectfully submitted this 20th day of April, 2020.

**PATTY & YOUNG, ATTORNEYS AT LAW, LLC**

/s/Christopher M. Harris
Christopher M. Harris
Attorney for Plaintiff
BPR No. 032952
7731 Nasvhille Street
Ringgold, Georgia 30736
706-935-9100 telephone
706-935-6022 facsimile
chrisharris@pattylaw.com